# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10671

United States Court of Appeals
Fifth Circuit
**FILED**
December 16, 2016
Lyle W. Cayce
Clerk

ASHFORD HOSPITALITY PRIME, INCORPORATED,

    Plaintiff - Appellee

v.

SESSA CAPITAL (MASTER), L.P.,

    Defendant-Third Party Plaintiff - Appellant

SESSA CAPITAL GP, L.L.C.; SESSA CAPITAL IM, L.P.; SESSA CAPITAL IM GP, L.L.C.; JOHN E. PETRY; PHILIP B. LIVINGSTON; LAWRENCE A. CUNNINGHAM; DANIEL B. SILVERS; CHRIS D. WHEELER,

    Defendants - Appellants

v.

DOUGLAS A. KESSLER; ANDREW STRONG; STEFANI D. CARTER; CURTIS B. MCWILLIAMS; MONTY J. BENNETT; ASHFORD HOSPITALITY ADVISORS, L.L.C.; ASHFORD, INCORPORATED; MATTHEW D. RINALDI; W. MICHAEL MURPHY,

    Third Party Defendants - Appellees

_____

Consolidated w/16-10672

ASHFORD HOSPITALITY PRIME, INCORPORATED,

    Plaintiff - Appellee

v.

No. 16-10671
Cons. w/No. 16-10672

SESSA CAPITAL (MASTER), L.P.; SESSA CAPITAL GP, L.L.C.; SESSA CAPITAL IM, L.P.; SESSA CAPITAL IM GP, L.L.C.; JOHN E. PETRY; PHILIP B. LIVINGSTON; LAWRENCE A. CUNNINGHAM; DANIEL B. SILVERS; CHRIS D. WHEELER,

      Defendants - Appellants

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-527
USDC No. 3:16-CV-713

---

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

    This dispute arises from a contentious election for seats on the board of directors of Ashford Hospitality Prime, Inc. (Ashford Prime), a Maryland corporation that primarily invests in luxury resort hotels. Sessa Capital (Master), L.P. (Sessa), a New York-based hedge fund and Ashford Prime's third largest stockholder, sought to nominate five candidates to displace a majority of the incumbent board.

    Ashford Prime's bylaws contain "advance notice provisions," which require a nominee to submit a questionnaire so the Board can evaluate the nominee's background, qualifications, investments in the company, and plans

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10671
Cons. w/No. 16-10672

if elected.[1] The Sessa nominees submitted the questionnaires, but Ashford Prime rejected the applications contending that they were incomplete. The alleged nondisclosures involve not revealing "plans or proposals" as required under the bylaws and federal securities laws.[2] The alleged "plans" were either forcing a sale of the company or attempting to invalidate an agreement with other Ashford entities that operate Ashford Prime. That advisory agreement contains a substantial termination fee in the event there is a change in composition of a majority of Ashford Prime's board. Sessa responds that the nominees substantially completed the questionnaires and characterizes any "omissions and inaccuracies" as "immaterial."

The questionnaire dispute led to a flurry of litigation. Sessa filed suit in Maryland seeking a court order that Ashford approve its candidates. In response, Ashford Prime filed two suits related to the purportedly deficient questionnaires. The first suit (*Ashford I*) was filed in federal court in Texas and asserted that the Sessa candidates had violated securities laws with their deficient disclosures; the second suit (*Ashford II*) was filed in Texas state court and alleged contractual claims based on alleged violations of the bylaws' advance notice requirements. Sessa answered with counterclaims alleging that the Directors had breached their fiduciary duties by (1) not approving the Sessa candidates and (2) approving the advisory agreement that requires

---

[1] This is the same information that is required to be disclosed for the solicitation of proxies for the election of a proposed nominee in an election under the Securities Exchange Act. 17 C.F.R. § 240.14a–101.

[2] Section 13(d) of the Securities Exchange Act of 1934 and related regulations require that a party that acquires more than 5% of a covered public company file certain disclosures. Among the disclosures is a statement describing the purpose of the transaction, pursuant to which the party must explain "any plans or proposals" that would result in major changes to the corporation's governance, sales of its assets, and the like. 17 C.F.R. §§ 240.13d-1, 240.13d-101; *see also Gearhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 712–13 (5th Cir. 1984) (describing disclosure requirement).

payment of a termination fee if a majority of the board is replaced. Sessa dismissed its Maryland suit and removed *Ashford II* to federal court on diversity grounds. *Ashford I* and *II* are now consolidated.

With the June 10, 2016 board election rapidly approaching, the parties filed dueling motions for preliminary injunctions. In *Ashford I*, Sessa sought approval of its candidates or, alternatively, to prohibit Ashford Prime and the Board from soliciting proxy votes until the Board approved Sessa's candidates. It later expanded the request to prohibit the incumbent directors from disqualifying the Sessa candidates and require Ashford to count votes cast in favor of the Sessa nominees. Meanwhile, in *Ashford II*, Ashford Prime sought a determination that the Sessa candidates were ineligible for election based on their failure to follow the bylaws by submitting deficient questionnaires and to enjoin Sessa from submitting its candidates for election, soliciting proxy votes, or distributing proxy materials.

The district court sided with Ashford Prime. Applying Maryland law, the court found that the business judgment rule warranted deference to Ashford Prime's decision to deny approval to the Sessa candidates. It therefore denied Sessa's request for an injunction and granted the injunction requested by Ashford Prime.

Sessa filed a notice of appeal from the district court's order denying its request for injunction and granting Ashford Prime's request. It also asked this court to stay the district court's order[3] and postpone the June 10 election until resolution of the appeal. A motions panel denied Sessa's request to stay the order.

---

[3] Sessa did not first seek a stay of the order from the district court.

No. 16-10671
Cons. w/No. 16-10672

Since then and prior to oral argument, the election has taken place. Running unopposed, the incumbent directors not surprisingly retained their seats.

Sessa still pursues this appeal of the injunction that ruled its candidates were ineligible to stand for the June 2016 election and prohibited anyone from soliciting proxy votes for the Sessa candidates. Before addressing the merits of the appeal, which focuses on whether Maryland law applies the business judgment rule to matters relating to board elections, we consider a jurisdictional challenge raised by Ashford Prime. It filed a motion to dismiss the appeal as moot in light of the June election. *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 204 (5th Cir. 2010) ("Mootness is a jurisdictional matter . . . ."). "[A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (internal quotation marks omitted).

Sessa asserts three reasons why it contends the appeal is not moot. First, although most of the injunctive relief was expressly limited to the June election, it notes that the part of the order enjoining Sessa from soliciting votes had no expiration date. That makes the ban on solicitation, in Sessa's view, a continuing obligation presenting a live controversy. Ashford Prime disagrees with Sessa's interpretation of the district court order, arguing that all the relief is limited to the June election. We need not resolve that dispute, however, as Sessa's appeal does not ask this court to modify or vacate this provision in the preliminary injunction. Sessa did originally seek to modify the preliminary injunction in its motion to stay, but that relief was denied and the absence of such a request in Sessa's brief on the merits means it is abandoned. *See Cinel*

5

Case: 16-10671    Document: 00513825928    Page: 6    Date Filed: 01/09/2017
Case 3:16-cv-00713-N   Document 113   Filed 01/09/17   Page 6 of 9   PageID 7186

No. 16-10671
Cons. w/No. 16-10672

*v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.").

Sessa next contends that this appeal is one of the "exceptional situations" in which the "capable of repetition yet evading review" exception to mootness applies. *See Bayou Liberty Ass'n v. U.S. Army Corp of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000). Sessa cannot, however, show that, if this conduct occurred again, it would necessarily "evade review." "Where prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review." *N.Y.C. Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1435 (2d Cir. 1992); *see also Bayou Liberty*, 217 F.3d at 398–99 (noting that a party's ability to "seek a stay or injunction pending appeal to halt [the occurrence of the challenged event] while the appeal is fully considered" may allow for full judicial review of an issue even if it typically gets resolved within a "limited span of time"). Sessa did not ask the district court to stay the election. Although it made that request unsuccessfully in this court, failure this time does not establish that, in a repeat of this controversy, Sessa would not be able to meet the showing needed for a stay. *Bayou Liberty*, 217 F.3d at 399 (explaining that although the appellant "was not successful in the present action in getting an injunction, this does not mean that upon the proper evidentiary showing actions such as these are inherently capable of evading review"). Indeed, its stay request cited cases in which courts have granted stays to enjoin the holding of a board election until an appeal is resolved. *See Gearhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 712 (5th Cir. 1984); *Bath Indus., Inc. v. Blot*, 427 F.2d 97, 113 & n.8 (7th Cir. 1970). And the body of law both parties cite addressing the merits of challenges to corporate or association elections belies the notion that these cases cannot reach the appellate stage, either prior to the election or in a subsequent suit to undo the

Case: 16-10671     Document: 00513825928     Page: 7     Date Filed: 01/09/2017
Case 3:16-cv-00713-N   Document 113   Filed 01/09/17   Page 7 of 9   PageID 7187

No. 16-10671
Cons. w/No. 16-10672

election. *See, e.g.*, *Tackney v. U.S. Naval Acad. Alumni Ass'n*, 971 A.2d 309 (Md. 2009) (addressing claim that election of board of trustees should be undone but finding no arbitrary conduct); *NAACP v. Golding*, 679 A.2d 554 (Md. 1996) (reversing order requiring association to permit youth members to vote for branch officers). Because the questions posed in this case are not inherently incapable of review, this exception does not apply.

Sessa's final argument against mootness is to seek for the first time the relief sought in *Tackney*, 971 A.2d at 309: undoing an election that has already taken place. It contends that if it succeeds in this appeal, we can invalidate the June 10 election and order a new one in which its candidates will be qualified. But Sessa never sought the invalidation of the shareholder election in the district court. We addressed a similar procedural posture in the context of a political election in *Harris v. City of Houston*, 151 F.3d 186 (5th Cir. 1998). There, plaintiffs sued the city of Houston challenging the annexation of Kingwood, a residential area north of the city. *Id.* at 187. Complicating the annexation issue was the pendency of special elections in the following months affecting whether Kingwood, soon-to-be-Houston, residents could vote; preclearance requirements under the Voting Rights Act prevented an immediate change in voting laws that would have allowed the formerly-Kingwood residents to vote in Houston, making plaintiffs citizens without voting rights for a brief time. *Id.* at 187–88. Plaintiffs sought additional alternative relief if the injunction against the annexation was denied: (1) staying the annexation until the election or (2), if the annexation went forward, enjoining the elections until Kingwood residents could vote. *Id.* at 188. Like here, not until the appeal did the *Harris* plaintiffs ask to invalidate the elections in which Kingwood residents were not able to participate. *Id.* at 190. Noting that plaintiffs only sought prospective relief in the trial court, we

declined to "read into" the complaint additional requests for relief: "the record reflects clearly that as a tactical matter, the appellants limited and focused their pleading and arguments solely to enjoining the annexation and election." *Id.* at 191. Because of that tactical decision, "when both of these events occurred, the basic underlying dispute between the parties ended, and the case became moot." *Id.*

So too here. Sessa repeatedly made a tactical litigation decision to seek only prospective relief. When the district court contemplated pressing the reset button by staying the shareholder election and allowing Sessa to resubmit the questionnaires, Sessa vehemently opposed this solution. And when the district court asked whether it had the power to delay the board meeting, Sessa's attorney's responded: "Can you? Yes. Should you? No." Sessa at no point argued in the alternative that if it were to lose its preliminary injunction motion, the annual meeting should be stayed or the election undone. Because of that litigation strategy, when the election occurred, the issues raised in the dueling motions for injunction became moot. *See id.* We see no reason why this principle, which is a general rule stemming from our authority to review at the interlocutory stage only the orders denying or granting injunctions, *see Ass'n of Co-op Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1137-38 (5th Cir. 1982) (explaining that 28 U.S.C. § 1292(a)(1) allows interlocutory review only of the injunctive relief sought in the trial court), *Bayou Liberty*, 217 F.3d at 398 ("[T]his court may not fashion relief not requested below in order to keep a suit viable."); should apply differently in the context of corporate elections than it did for the political election at issue in *Harris*.

No. 16-10671
Cons. w/No. 16-10672

\* \* \*

This appeal relates only to the injunctive relief the parties sought concerning the election that was set to take place at the June 10, 2016 annual meeting. As that event has now occurred, this appeal of the district court's ruling on the requests for injunctive relief does not present a live controversy. The appeal is DISMISSED as moot. We express no view on whether Sessa may start again in a trial court requesting the relief of undoing the June election or whether such relief is warranted in the event it can establish liability.